```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION
```

DARLENE WATSON,                )
                               )
        Plaintiff,             )
                               )
    v.                         )   Case No. 4:01 CV 50
                               )
                               )
NATIONAL CONSUMER SERVICES     )
CORP, LLC, et al.,             )
                               )
        Defendants             )

## OPINION and ORDER

This matter is before the court on the Motion to Intervene filed by William Conglianese on April 4, 2006; the Motion to Substitute William L. Conglianese as Party Plaintiff by Virtue of Transfer of Interest and Motion to Join Necessary Parties filed by Conglianese on April 4, 2006; the Motion to Strike for Failure to Join Necessary Parties filed by Conglianese on April 4, 2006; the Motion to Substitute as Party Plaintiff by Reason of Transfer of Interest filed by the plaintiff, Darlene Watson, on April 14, 2006; and the Objection Under FRCP 72 to Order of Magistrate Judge and Motion to Strike Motion of Bankruptcy Trustee filed by Watson on April 18, 2006.  For the following reasons, the stay entered in this case on November 6, 2003 is **LIFTED,** and these motions are **DENIED.**

## Background

On June 10, 1998, Darlene Watson executed a mortgage on her property at 7026 West 135th Street, Cedar Lake, Indiana (the "Cedar Lake property") to secure a promissory note to National Consumer Services ("NCS").  On December 30, 1999, she quitclaimed

ninety percent of her interest in this property to her son, William Conglianese.  On October 4, 2000, she quitclaimed the remainder of her interest to Conglianese.

On August 1, 2001, Watson sued NCS and Fairbanks Capital Corporation *pro se*, alleging that the mortgage was invalid. On October 23, 2003, Watson filed bankruptcy, and Kimberly Gilbert was appointed Bankruptcy Trustee of Watson's estate.  On March 20, 2006, the Bankruptcy Court approved of a settlement agreement by which Gilbert agreed to accept payment of $3,500 in exchange for a stipulation that a previous default judgment entered in this case against NCS was void and that this case would be dismissed in its entirety with prejudice.

On motion by Fairbanks Capital Corporation, this court substituted Gilbert as the party plaintiff in this action on April 3, 2006. Now Watson has filed motions seeking to strike this court's order and substitute her son, Conglianese, as the party plaintiff. The court treats Watson's motion under Federal Rule of Civil Procedure 72 as a motion to reconsider here. Conglianese, also proceeding *pro se*, seeks to intervene, to be substituted as the party plaintiff, and to strike the defendant's motion to substitute and motion to set aside default judgment (filed pursuant to the settlement agreement) for failure to join necessary parties.

## Discussion

Watson has no standing to seek relief in this case, and so her motions must be denied.  When Watson quitclaimed the Cedar

2

Lake property to Conglianese, she also conveyed any legal interest that she had in the property itself to Conglianese. *See* ***Sabinske v. Patterson***, 196 N.E. 539, 543 (Ind. App. 1935). Therefore, she has no standing to assert a claim regarding the property itself.

Nevertheless, Watson still retained her obligation to pay on the mortgage, to which she was personally liable. *See, e.g.,* ***Springer v. Foster***, 60 N.E. 720, 722 (Ind. App. 1901). However, any claims she had regarding the mortgage, including this lawsuit, were subsumed into the bankruptcy estate. *See* 11 U.S.C. ß 541. Gilbert, as Bankruptcy Trustee over Watson's estate, has the legal authority (which Watson lost) to address Watson's obligation to pay on the mortgage and also to dispose of all claims Watson had with respect to the mortgage. *See e.g.*, 11 U.S.C. ßß 323, 541, 704. Thus, Watson no longer has standing to seek relief from the court in this case, and she is bound by the decisions of the Bankruptcy Trustee and Bankruptcy Court with respect to her claims.

Conglianese's motions also must be denied. Conglianese does not claim to be a signatory or successor on the mortgage documents on which this case is based.  Therefore, substitution under Federal Rule of Civil Procedure 25(c) is not proper.

With respect to his alternative motion to intervene, a petition to intervene must be timely. *See* ***Sokaogon Chippewa Community v. Babbitt***, 214 F.3d 941, 945-48 (7th Cir. 2000). Conglianese took the Cedar Lake property with the same liens to

3

which his mother's interest was subject when he bought the property by quitclaim deed in 1999. See **Foster**, 60 N.E. at 722 ("[A] purchaser who buys merely subject to a such mortgage does not assume a personal liability, but [still] . . . takes the land charged with the payment of the debt."). Even if the court assumes that he was unaware of the mortgage in 1999, this lawsuit was filed in 2001. Given that Conglianese did not attempt to intervene for almost six years and only sought to do so once the Bankruptcy Court entered a settlement agreement in the bankruptcy proceeding, his motion amounts to little more than an objection to the settlement agreement itself.  See **Sokaogon**, 214 F.3d at 948-49. As such, his attempt to intervene is untimely.

Because Conglianese may not intervene, he may not file any pleadings in this case. For this reason, his motion to strike also is denied.

Finally, the court lifts the stay entered in on November 6, 2003 during the pendency of the bankruptcy proceeding.  Because a settlement agreement has been reached pertaining to the claims in this case, a stay no longer is appropriate.

_____

For the foregoing reasons, the Stay entered in this case on November 6, 2003 is **LIFTED.**  The Motion to Intervene filed by William Conglianese on April 4, 2006 [DE 63] is **DENIED;** the Motion to Substitute William L. Conglianese as Party Plaintiff by Virtue of Transfer of Interest and Motion to Join Necessary Parties filed by Conglianese on April 4, 2006 [DE 64] is **DENIED;**

4

the Motion to Strike for Failure to Join Necessary Parties filed by Conglianese on April 4, 2006 [DE 65] is **DENIED**; the Motion to Substitute as Party Plaintiff by Reason of Transfer of Interest filed by the plaintiff, Darlene Watson, on April 14, 2006 [DE 66], is **DENIED**; and the Objection Under FRCP 72 to Order of Magistrate Judge and Motion to Strike Motion of Bankruptcy Trustee filed by Watson on April 18, 2006 [DE 67] is **DENIED.**

    ENTERED this 17th day of May, 2006


                                      s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge